[No. 4646.]

## JAMES H. LAUGHLIN v. R. McGARVEY, THOMAS F. BEATTIE AND JOHN T. RICHARDSON.

LIEU OR INDEMNITY LANDS.—The act of Congress of July 23, 1866, to quiet land titles in California, did not confirm to the State lands selected by the State as lieu lands, unless such lands had not only been selected as lieu lands before the passage of the act, but had also been sold by the State before said date.

EVIDENCE OF SALE OF LAND BY THE STATE.—A duplicate, dated in 1873, of a certificate of purchase for lieu lands, issued by the register of the State land office in 1861, is not evidence sufficient to show that the State had sold the land in 1861, as against the holder of a United States patent for the same land, dated prior to the time the duplicate certificate was issued.

IDEM.—The party in such case should prove the series of acts required by law to entitle him to the certificate of purchase, and produce the certificate of purchase, or, having accounted for its absence, prove its contents.

APPEAL from the District Court, Seventh Judicial District, County of Mendocino.

Ejectment for the west half of section twenty-six, township seventeen north, range thirteen west, Mount Diablo base and meridian.

The plaintiff had judgment, and the defendant appealed.

The other facts are stated in the opinion.

*R. McGarvey,* for the Appellant.

" In all cases where the State of California has made selection of any portion of the public domain, and disposed of the same to purchasers in good faith under the laws, the lands so selected shall be and hereby are confirmed to said State." (Act of Congress, July 23, 1866.)

It is contended, but I submit without reason, that the State may have made the selection; but that granted, *non constat* she sold it to a purchaser in good faith. The State never made any selections or application until the agent for the State first obtained an application of some person for the land. (Stat. 1858, Sec. 3, p. 248.)

*Lamar & Dozin,* for the Respondents.

There is no evidence that the State sold the land in 1861, or received any money for it. The duplicate does not show it. The register of the land office in 1873 cannot certify that some one had paid the register money in 1861.

By the Court, RHODES, J.:

Patents were issued by the United States to the plaintiff's grantor in the year 1872, for the premises in controversy; and in the year 1873 a patent was issued by the State to the defendant's grantor for the same lands. The defendant claims that the lands were selected on behalf of the State as lieu lands—that is, lands selected in lieu of a portion of a thirty-sixth section; that the selection was made prior to the passage of the act of Congress of July 23, 1866, and that the selection was confirmed by that act. The lieu lands confirmed to the State were such as had not only been se-

lected by the State, but had also been sold by the State to purchasers, in good faith, under the laws of the State. It became necessary for the defendant to prove that fact—that the lands had been sold by the State to a purchaser in good faith, prior to the passage of the act of Congress. The only evidence offered upon that point was a certificate of purchase, dated June 24, 1873, issued by the register of the State land office, having the word "duplicate" written across the face thereof, which recites that it appeared from the report of the county treasurer that on the 17th day of September, 1861, the defendant's grantor had paid twenty per cent. of the purchase-money and interest in advance, for the lands in controversy, and declared him the purchaser of said lands, etc. This evidence is not sufficient to prove the fact in question, as against a party claiming title from the United States, by patent issued before the date of the certificate. Evidence of the same character is required, as would be requisite in case of two contesting purchasers, each claiming the right to a patent from the State; that is to say, the defendant should have proved the performance of the series of acts required by law to entitle him to a certificate of purchase, and should have produced the certificate of purchase, or after having accounted for its absence, proved its contents.

Judgment and order affirmed.

Neither Mr. Chief Justice WALLACE nor Mr. Justice McKINSTRY expressed an opinion.